No. 13,653.

HENRY NEIDER VS. ILLNOIS CENTRAL RAILROAD COMPANY.

SYLLABUS.

A cross-tie, a piece of timber eight inches by ten inches thick and ten feet long, was left beside a path along which a flagman had to run in the discharge of his duties; it was left parallel with the path and clear of it; on each side of the path were the tracks of the defendant company, two on one side and three on the other, all parallel; the distance between the tracks was eight feet; the place was the middle, or neutral, ground between the two roadways of a wide street in the city of New Orleans, which middle ground was also the yard of the defendant company; on this yard vehicles could not pass, and pedestrians were supposed not to pass and could not pass without going considerably out of their way from the sidewalks; the tie remained in that position three to five days, when some person unknown moved it to a position across the flagman's path; within less than one hour and fifteen minutes thereafter, none of the employes of the defendant company having during this time come near the spot, the flagman, while running ahead of a backing freight train, stumbled on the tie, fell on the track, and was run over. Held, as a matter of fact, first, the tie was inoffensive where left; second, the flagman passing and repassing along the track during three to five days in the discharge of his duties, must have seen the tie alongside the path; third, the defendant company had no knowledge of the changed position of the tie. Held, as a matter of law, first, defendant company could not foresee that some unknown person would move the tie to across the path, and the failure so to foresee was not negligence; second, the contingency of some one moving the tie to across the path was as much within the flagman's observation as within the defendant company's, and was a matter as much within the flagman's competency to judge of as within the defendant company's, and therefore this contingency was a risk which the flagman must be presumed to have assumed as an incident of his employment; third, in the absence of knowledge, actual or constructive, of the tie's being across the path, not removing it from there, was not negligence.

APPEAL from the Civil District Court, Parish of Orleans—
Théard, J.

W. R. Stringfellow and Thomas M. Gill, for Plaintiff, Appellee.

Hunter C. Leake and Gustave Lemle (J. M. Dickinson, of Counsel), for Defendant, Appellant.

Armand Romain, amicus curiae.

The opinion of the court was delivered by

PROVOSTY, J. Plaintiff was run over by one of the trains of the defendant company while in the performance of his duties of flagman in the employ of the defendant company; both his legs were crushed and three of the fingers of his right hand; one leg had to be amputated at the hip, one below the knee; the little finger and the finger next to it had to be cut off at the middle joint, and the middle finger at the tip. He charges that the accident occurred through the fault and negligence of the defendant company; and he claims fifty thousand dollars damages.

The place of the accident was Poydras street in this city, between the intersections of Bolivar and Claiborne streets. Poydras is a very wide street with two roadways and, between these roadways, a middle ground on which the tracks of the defendant company, five in number and all parallel are laid. The street runs from the woods to the river. The territory, or beat, of plaintiff as flagman began at Bolivar street and extended, going towards the river, to Clara street, comprising the intersections of Bolivar, Claiborne and Clara. Plaintiff was stationed on a path between tracks numbers two and three, and in the discharge of his duties was required to run along this path.

The accident occurred at about half-past two o'clock on a bright, warm day. Just before the accident the situation was this: plaintiff was at his post at the intersection of Bolivar street, the end of his beat nearest the woods; not far from him, about six or eight feet from the crossing, stood the rear end of a freight train; this train was on track number two, one of the tracks next to the flagman's path; this train was composed, according to some of the witnesses, of twenty-seven cars and according to others of the witnesses of eighteen cars, and it was about one and one-half or two blocks long, extending beyond Bertrand street, which, towards the woods, is the next street after Bolivar where plaintiff was standing; some of the cars in the front part of the train were being weighed at a scale near the intersection of Bertrand street, that is, about the distance of a block from where plaintiff stood.

Defendant's theory of how the accident happened is stated in the brief, as follows: "Plaintiff was standing in the rear of a stationary train belonging to defendant, the cars of which were being weighed; the train was moved backward in order to weigh another car, and in doing so struck plaintiff knocking him down and running over him."

Plaintiff, on the other hand, says that just as the train started to move, a lady and a child attempted to cross; that he checked them from doing it, and after warning the lady and child he ran ahead of the car to flag the Claiborne and Clara streets crossings; when, after he had run about ten steps, he stumbled on a loose cross-tie that lay diagonally across his path, and he fell on the track, and was run over.

It is not necessary for us to decide between these two theories, as there is no case against the defendant company even if plaintiff's fall was caused by his being tripped by the cross-tie.

In order to recover, plaintiff must prove negligence on the part of the defendant. Now, while the plaintiff charges negligence in connection with the manner in which the offending train was run, in that the speed was excessive, and in that there was no lookout to give timely warning to the engineer, his main reliance evidently is on what he alleges to be the failure of the defendant company to provide for him a safe path on which to run in doing his work.

As to the speed of the train, we adopt the estimate of the foreman of the crew weighing the train, who was in charge of the engine. He was moving the train so as to get the tenth car from off the scale and get the thirteenth car on the scale; the scale barely accommodated the car; there was a nice operation requiring careful attention to the speed of the train; we think the estimate of this man as to the speed of the train, is much more likely to be correct than is an estimate of the plaintiff and his witness, Carter. Besides, the probability is that no greater speed was imparted to the train than was necessary in the operation of weighing.

As to the absence of a lookout to warn the engineer—the train was not on the street, but on the middle or neutral ground between the two roadways; this middle ground was also the yard of the defendant company; there was a flagman at the crossings to give timely warning both to would-be passers and to the engineer; we think that, under these circumstances, a lookout was not needed.

Plaintiff when he fell, had run, according to his own testimony, only about ten feet, and, according to the testimony of his witness, Carter, was only about eight or ten feet ahead of the train. Evidently the train was close upon him, and would have run over him no matter how moderate its speed might have been; and no matter if there had been a lookout at the rear end. Between these alleged negligences,

therefore, and the injury, there is no casual connection, and without such casual connection the negligences are insignificant. Snyder vs. R. R. Co., 48 Ann. 1; Nivette vs. R. R. Co., 42 Ann. 1153; Clements and Wife vs. Electric Light Co., 44 Ann. 694; Henry vs. Lumber Co., 48 Ann. 954.

The responsible agency of defendant in connection with the presence of the cross-tie on the path is limited, under the uncontradicted evidence, to the fact that the tie was left alongside the flagman's path. Neither plaintiff nor any one of his witnesses, nor any one else, undertakes to say by whom the tie was moved from its position parallel with the track to its position across the flagman's path. The tie was moved, if at all, by an unknown person; and it not being proved, or claimed, that defendant could have foreseen and prevented this act on the part of this unknown person, the negligence of the defendant, if any there was, consisted either in permitting the tie to be placed alongside the path and to remain there, or in not removing it from across the path after the unknown person had placed it there.

Was it negligence to permit the tie to be placed alongside the path and to remain there? We think not. The distance between the two tracks is eight feet. The tie lay parallel with the track and entirely clear of the path. So long as it remained there it was inoffensive. The danger, if any, lurked in the possibility of some one moving it to a position less inoffensive. But the place was the company's yard, where vehicles could not pass, and where pedestrians were not expected to pass and could not pass without going considerably out of their way from the sidewalks; besides, the tie was a piece of timber eight inches by ten inches thick and ten feet long, which no pedestrian could move accidentally. The contingent danger was, therefore, that some one should move the tie deliberately. This contingency was entirely too remote for the not taking it into consideration to be imputed as negligence. It was not negligence on the part of defendant not to foresee and provide against the deliberate act of an unknown person. True, if the tie had not been left there it would not have been put across the path, but that is no argument; railroad companies are certainly not required, under penalty of negligence, to remove every piece of material beyond the reach of malicious persons. Mire vs. Railroad, 42 Ann. 385.

Was it negligence not to have removed the tie from across the path

after the unknown person had placed it there? We think not. The position of the tie was changed, if at all, after the crew of the train that was being weighed had gone to their dinner, and the accident occurred within fifteen minutes after the return of the crew from their dinner. The record does not show that the tie, as it lay across the path, attracted the attention of the crew of the train after their return from dinner, or that this crew, or any one of them, or any other employee of defendant, except plaintiff, came near the spot; so that the record fails to show that the defendant company had any knowledge of the change in the position of the tie. For the defendant company not to have remedied the situation of which it had no knowledge, actual or constructive, certainly cannot be imputed to it as negligence. Wood, Master and Servant, 2nd Ed., p. 768, Sec. 382.

There is another reason why plaintiff cannot recover. The tie, a piece of timber eight inches by ten inches thick and ten feet long, of cypress and new and therefore of light color, as it lay on the cinder covered and therefore dark, or black, ground, was a conspicuous object; and plaintiff cannot have failed to see it, during the three to five days it lay there, as he passed and repassed constantly along the path, in the discharge of his duties. He testifies that part of his employment was to look after the property of the company; but, be that as it may, he, we say, cannot have failed to see the tie in the position alongside the path. Now, if danger there was that some one should move the tie from its position of safety to a position across the path, this danger was within plaintiff's plain observation, and of a nature as much within his competency to judge of as within the defendant company's; and the law is well settled that if the servant has knowledge of the danger and continues in the employment he assumes the risk as an incident of his employment. Carey vs. Sellers, 41 Ann. 500; Jenkins vs. Cotton Mills, 51 Ann. 1017.

Had the plaintiff stumbled on the tie while it was in the position in which the employees of the defendant company left it, whereby the tie would have been shown to have been dangerous in the position in which the employees of the defendant company left it, the question of the liability of the defendant company would have been exceedingly intricate. The event would then have demonstrated the danger, and the danger would have been one to which plaintiff would have been subjected unnecessarily, and his assumption of it could hardly have

been presumed, since he could not be presumed to have contemplated the occurrence of a combination of circumstances whereby he should be suddenly placed under the necessity to run at his utmost speed without attention to where he trod.

But plaintiff did not stumble on the tie in the position in which it. was left by the employees of the defendant company; the event showed, if anything, that the tie in that position was not dangerous;. so that the liability of the defendant company would have to be deduced from the danger that some one should deliberately move the tie from its safe position to a position across the path; and we have given our reasons for thinking that that contingency, in the first. place, was too remote for the neglect of it to be characterized as negligence; and, in the second place, was of a nature to be as fully foreseen and appreciated by plaintiff as by the defendant company, so that it came within the risks of plaintiff's employment.

The judgment of the lower court is set aside, and the suit of plaintiff is dismissed with costs in both courts.

Rehearing refused.