No. 4889.

(Court of Appeal, Parish of Orleans.)

**BOARD OF CONTROL OF NEW ORLEANS BASIN CANAL & SHELL ROAD vs. W. W. CARRE CO., LTD.**

J. C. Henriques for plaintiff and appellee.

Buck, Walshe & Buck for defendant and appellant.

ST. PAUL, J.—This is an action for damages to plaintiff's steam tug boat, said to have been caused by a sunken log belonging to defendant. The log was in the new canal and its presence there is unexplained.

There is some conflict of evidence, or rather of opinion among the witnesses, as to the cause of the damages, but

the District Judge concluded that the damage was caused by the sunken log, and so do we. We also agree with his finding that plaintiff has sufficiently proved the amount of it damages, and it is not seriously disputed that the log belonged to defendant.

The only question of law presented is whether the presence of the log in the canal, and the fact that the damage was caused thereby, are sufficient, **prima facie**, to charge defendant with the liability.

Under Section 12 of Act 144 of 1888, as amended by Act No. 82 of 1896, this would suffice to give the party suffering the damage a cause of action for double damages and costs together with reasonable attorney's fees.

The constitutionality of this feature of the act is attacked, however, on the ground that it is not covered by the title of the act. But as neither double damages nor attorney's fees are claimed in this appeal, and, as we are of the opinion that under the facts stated plaintiff is entitled to recover the actual damages suffered independently of the provisions contained in the act, we find it unnecessary to express any opinion on the constitutionality thereof.

Under **Civil Code, Art. 2317,** we are responsible for the damage caused by the things which belong to us. When those things are found where they have no right to be and damages ensue we are **prima facie** responsible. If a person while traveling in the night-time runs into an obstruction in the highway, and it develops that the obstruction was my property, the presumption is that it was placed there by me or by some one for whose acts I am answerable. Accordingly, I am responsible for the damage sustained unless I show that the property was carried away and placed in the highway unknown to me or against my consent.

And there is no difference in this respect between a

highway and a waterway. It is as unlawful to obstruct the one as the other. It was no more lawful that defendant's log should be in the canal than that it should be in the highway; and the presumption is that it came there through some negligence on the part of defendant or of some one for whose acts defendant is answerable.

The burden of proof was on defendant to show that the log came into the canal without any fault or negligence on its part, and through the act of some third person without its knowledge or consent. This burden defendant has failed to discharge.

The judgment appealed from is correct.

Judgment affirmed.

February 9, 1910.

### Concurring Opinion.

GODCHAUX, J.—I concur in the decree, though not in the opinion, which, independantly of the provisions of the statute under which this action is brought, indulges in a presumption of negligence based upon the unexplained presence of defendant's property in a public highway.

The opinion, therefore, evidences an adoption and application of the doctrine of "**res ipsa loquitur,**" a doctrine which, far from being recognized in our jurisprudence, has, on the contrary, been ignored in cases where it might have been aptly applied.

> **Ackerly vs. Sullivan, 34 An. 1156; McIlhenny vs. Pullman Co., 5 Ct. of App. 219; Mire vs. Railroad Co., 42 An. 385; Neider vs. Railroad Co., 108 La. 154.**

Section 12 of the statute makes the owner of the log liable to a fine as well as to damages for any injury suf-

fered through the presence of the sunken log in the canal.

Consequently proof of the damage through this cause and of the ownership of the object causing the damage raises the presumption of liability and of negligence, which, in this case, the defendant has made no attempt to rebut. The attack upon the constitutionality of the statute on the ground that the subject-matter of this section is not expressed in the title cannot be sustained. The object of the act, as expressed in its title, is to provide a board to control or manage the canal and to prescribe its powers and duties; and a specification of these powers necessarily carries with it the imposition of duties upon the persons within the sphere of operation of these powers.

As the title of the Act announces an intention to define the duties of those using the canal, a provision, such as is contained in Section 12, fixing a rule a presumption of liability for failure to perform these duties, is germane to the subject and clearly within the object expressed in the title. This is in accord with the conclusion reached by the Supreme Court in a case where the title of the statute bore a relation to its subject-matter quite identical to that existing in the present instance.

**State vs. Coal Company, 41 An. 465.**

Section 12 of the statute is constitutional and under its provisions the plaintiff has established a **prima facie** right of recovery that has not been rebutted. For these reasons I concur in the decree.

February 9, 1910.

## On Rehearing.

Dufour, J., takes no part.

ST. PAUL, J.—On the first hearing of this appeal two

of the Judges concurred in the finding of facts, and also in the decree, but for different reasons. The facts and issues presented were thus stated:

"There is an action for damages to plaintiff's steam tug boat, said to have been caused by a sunken log belonging to defendant. The log was in the New Canal, and its presence there unexplained.

"There is some conflict of evidence, or rather of opinion, among the witnesses as to the cause of the damage, but the District Judge concluded that the damage was caused by the sunken log, and so do we. We agree with his finding that plaintiff has sufficiently proved the amount of damages, and it is not seriously disputed that the log belonged to defendant.

"The only question of law presented is whether the presence of the log in the canal, and the fact that the damage was caused thereby, are sufficient, **prima facie,** to charge the defendant with the liability."

To this we adhere, and if Section 12 of Act 144 of 1888 as amended by Act No. 82 of 1896 be constitutional the facts as found would suffice to award double damages together with reasonable attorneys' fees and costs. But the constitutionality of this feature of the act is attacked on the ground that it is not germane to the subject and not covered by the title of the act.

The title of the act is as follows:

"**An Act** to provide for a superintendent and other officers * * * * and to create a Board of Control for the New Basin Canal and Shell Road, and to prescribe their powers and duties."

Now, the **object** of an act is the same as the **purpose** thereof, the words "object", "subject", "purpose", being used synonimously.

Thus Mr. Sutherland, in his work on Statutóry Construction **(2d Ed., Sec. 129, pp. 221-222)** says:

> "Where the title of a legislative act expresses a general **subject,** or **purpose,** which is single, all matters which are naturally and reasonably connected with it, and all measures which will or may facilitate the accomplishment of the **purpose** so stated, are properly included in the act, and are germane to its title."

And in **State ex rel. Wynne vs. Judge, 106 La. 400,** the Supreme Court of this State said:

> "The act in question has but one single **object,** the protection of the public from the practice of medicine and its different branches by unskilled and incompetent persons. The various sections of the act have all direct relation to the enforcement of the **purpose** announced by the act."

Now, the **purpose** of an act is the purpose which the General Assembly had in view in enacting it—i. e., the thing which the Legislature intended to accomplish, and when the General Assembly passed an act which it entitled "An Act to provide for a superintendent and other officers * * * * and create a Board of Control for the New Basin Canal and Shell Road, and prescribe their powers and duties," the purpose in view was to provide for the management of the New Basin Canal—i. e., to designate an agent to administer the Canal property of the State and prescribe rules for such administration.

Pursuant to that purpose, and strictly in line therewith, Section 12 was enacted, and afterwards amended. This section provides that "the canal shall be kept free from all obstructions whatever for the width of sixty feet * * * and all timber of every description shall be so placed as to leave the said width of 60 feet wholly

unobstructed and shall be kept securely confined within the basins or turnouts of the canal, or securely fastened to the banks of the canal and basins with chains or wire rope at each end of said logs or timber, and said logs or timber shall not be permitted to float loose or sink.''
\* \* \*

This provision is general and clearly applies not only to the Board of Control itself but to all persons having logs or timber in the Canal. It is also clearly germane to the purpose which the Legislature had in view, viz.: The administration of the canal and the keeping of same open for commerce.

There can be no possible doubt as to its constitutionality, and every one using the canal was bound to take notice of and govern himself according to this regulation -

But the Legislature knew full well, that a simple rule or regulation without a penalty for the violation thereof would scarcely prove effective. Hence, the section continues as follows:

> "Any log or piece of timber found loose or floating in the canal or sunk therein, or sunk in any of its basins, shall be immediately taken up by the authorities, and the owner or owners of said log or timber shall pay the Canal a fine of twenty-five dollars.''
> \* \* \*

This also was germane to the purpose and perfectly constitutional.

But the Legislature also clearly perceived that logs, especially when sunken, might not be found by the authorities until after some damage had resulted to vessels which might run upon—that is to say, only after the main purpose which the Legislature had in view, had been defeated; accordingly the section still further provides that:

> "The owner or owners of any vessel which may

— 312 —

be damaged by any log or pieces of timber placed or kept in violation of the provisions of this section, or by any log or piece of timber floating in a manner herein prohibited, or sunken, shall recover from the owner or owners of said log or piece of timber, double the amount of damages suffered, and costs, together with a reasonable amount of attorney's fees." * * * *

Now, it is not to be believed that in this matter it was the legislative intent to put those who might suffer damages in the canal into a special and favored class by allowing them to recover double their damages, and their attorney's fees, whilst those who suffer damages elsewhere than on the canal are entitled to simple damages only and to no attorney's fees.

That would not be germane to the purpose of the statute. But it is very clear that the intent was to inflict an additional penalty on those who failed to observe the provisions of the Act, by allowing their logs and timber to float loose, or sink, in the canal, a penalty sufficiently severe to serve as a deterrent to those who might be inclined to be careless, and for whom the chance of incurring a small fine might have no terrors, when balanced against the trouble and expense of searching for and recovering the loose or sunken log.

This is certainly as germane to the purpose of the Act as the infliction of a fixed fine; and, the presumption being always in favor of the constitutionality of the statute it must be presumed that the Legislature intended primarily to inflict a penalty on those who violated the provisions of the Act. The resulting advantages to those injured by that violation were only secondary and incidental. This is not only a presumption, but there can be very little doubt that it is a fact.

We think that Section 12 of Act 144 of 1888, amended

— 313 —

by Act 82 of 1896, is a valid and constitutional enactment.

We also think that the Board of Control of the basin had the same right of action under said section as any owner of a vessel damaged as therein set forth. Possibly it is not entitled to attorneys fees because of another provision of the Act making the Attorney General counsel for the board. No such attorney fees are claimed, however, in this appeal. But the fact that one feature of the section may not apply to the Board is no reason why the rest should not.

Nor do we think that the mere fact that the Board has not taken full advantage of the provision by asking double damages, but herein asks only for simple damages, has or can have any bearing whatever on the right of action under said section.

Our former decree affirmed the judgment of the District Court, and we think that decree was correct. It is therefore reinstated.

Former decree reinstated and the judgment appealed from is affirmed.

Dufour, J., dissents.

April 4, 1910.

Writ refused by Supreme Court May 9, 1910.